Beth S. Ginsberg, OSB No. 070890
beth.ginsberg@stoel.com
James C. Feldman, *pro hac vice*
james.feldman@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone:   206.624.0900
Facsimile:    206.386-7500

*Attorneys for Intervenor-Defendants
Idaho Power Company and PacifiCorp*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| STOP B2H COALITION, an Oregon non-profit corporation, GREATER HELLS CANYON COUNCIL, an Oregon non-profit corporation, CAROL "FUJI" KREIDER, an individual, JIM KREIDER, an individual, and GAIL CARBIENER, an individual, | Case No.:  2:19-cv-1822 |
| Plaintiffs, | ANSWER of INTERVENOR-DEFENDANTS IDAHO POWER CO., and PACIFICORP |
| v. | |
| BUREAU OF LAND MANAGEMENT, THERESA HANLEY, State Director (Acting), BLM Oregon/Washington, U.S. FOREST SERVICE, and TOM MONTOYA, Forest Supervisor, Wallowa-Whitman National Forest, | |
| Defendants. | |

Page - 1 – ANSWER TO COMPLAINT

Intervenor-Defendants Idaho Power Company and PacifiCorp ("Intervenors") answer as follows:

## NATURE OF ACTION

1.      Paragraph 1 characterizes Plaintiffs' complaint which speaks for itself, and as such requires no further response and is therefore denied.

2.      Paragraph 2 characterizes Plaintiffs' complaint which speaks for itself, and as such requires no further response and is therefore denied.

3.      Intervenors are without sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of paragraph 3 and therefore deny them. Intervenors deny the allegations set forth in the remaining sentences in paragraph 3.

4.      Intervenors deny the allegations set forth in paragraph 4.

5.      Intervenors deny the allegations set forth in paragraph 5.

6.      Paragraph 6 characterizes the relief that Plaintiffs seek through this lawsuit which speaks for itself, and as such requires no further response and is therefore denied.

## JURISDICTION AND VENUE

7.      Paragraph 7 sets forth legal conclusions to which no response is required and which are therefore denied.

8.      Paragraph 8 sets forth legal conclusions to which no response is required and which are therefore denied.

9.      Paragraph 9 sets forth legal conclusions to which no response is required and which are therefore denied.

## PARTIES

10.    Intervenors lack sufficient information necessary to form a belief as to the truth of the allegations set forth in paragraph 10 and therefore denies the same.

11.    Intervenors lack sufficient information necessary to form a belief as to the truth of the allegations set forth in paragraph 11 and therefore denies the same.

12.    Intervenors lack sufficient information necessary to form a belief as to the truth of the allegations set forth in paragraph 12 and therefore denies the same.

13.    Intervenors lack sufficient information necessary to form a belief as to the truth of the allegations set forth in paragraph 13 and therefore denies the same.

14.    Intervenors lack sufficient information necessary to form a belief as to the truth of the allegations set forth in paragraph 14 and therefore denies the same.

15.    Intervenors lack sufficient information necessary to form a belief as to the truth of the allegations set forth in paragraph 15 and therefore denies the same.

16.    Intervenors lack sufficient information necessary to form a belief as to the truth of the allegations set forth in paragraph 16 regarding BLM's principal authority for the actions and inactions alleged in the Complaint and therefore denies the same. Intervenors admit the remaining allegations set forth in paragraph 16.

17.    Intervenors lack sufficient information necessary to form a belief as to the truth of the allegations set forth in paragraph 17 regarding Theresa Hanley's principal authority for the actions and inactions alleged in the Complaint and therefore denies the same. Intervenors admit the remaining allegations set forth in paragraph 17.

18.    Intervenors lack sufficient information necessary to form a belief as to the truth of the allegations set forth in paragraph 18 regarding the Forest Service's principal authority for the

actions and inactions alleged in the Complaint and therefore denies the same. Intervenors admit

the remaining allegations set forth in paragraph 18.

19.      Intervenors lack sufficient information necessary to form a belief as to the truth of

the allegations set forth in paragraph 19 regarding Tom Montoya's principal authority for the

actions and inactions alleged in the Complaint and therefore denies the same. Intervenors admit

the remaining allegations set forth in paragraph 19.

## STATEMENT OF FACTS

### Federal and State Administrative Processes and Description of the B2H Project Route

20.      Intervenors admit the allegations set forth in paragraph 20.

21.      Intervenors admit the second sentence in this paragraph that BLM issued the ROD

on November 17, 2017. Intervenors deny the fifth sentence in this paragraph. Intervenors admit

the allegation in the seventh sentence of this paragraph indicating that the transmission line

towers will generally be 100 feet tall on the Naval Weapons Station Training Facility Boardman,

but deny the remaining allegations in this sentence.  The remaining sentences in paragraph 21

characterize BLM's ROD which speaks for itself and to which no response is required, and

therefore, Intervenors deny the same.

22.      Paragraph 22 characterizes the BLM FEIS which speaks for itself and to which no

response is required, and therefore, Intervenors deny the same.

23.      Paragraph 23 characterizes the BLM ROD which speaks for itself and to which no

response is required, and therefore, Intervenors deny the same.

24.      Intervenors lack sufficient information to form a belief as to the truth of the

allegations set forth in the first sentence in paragraph 24 and therefore deny the same. The

second, third and fourth sentences of this paragraph set forth legal conclusions to which no

Page - 4 – ANSWER TO COMPLAINT

response is required and which are therefore denied.  Intervenors admit the allegations in the last sentence of this paragraph, except to the extent that Plaintiffs allege a general or individual Section 404 Clean Water Act permit, and not coverage under a nationwide permit, is required, in which case Intervenors deny the same.

25.     Paragraph 25 sets forth a legal conclusion to which no response is required and which is therefore denied.

26.     The first sentence of paragraph 26 characterizes Plaintiffs' case to which no response is required and which is therefore denied.  Intervenors lack sufficient information to form a belief as to the truth of the allegations set forth in the second through seventh and tenth sentences of this paragraph and therefore deny the same.  Intervenors deny the allegations set forth in the eighth and ninth sentences of this paragraph.

27.     Paragraph 27 characterizes documents prepared by the BLM and the Forest Service which speak for themselves and require no further response, and therefore, Intervenors deny the same.

28.     Paragraph 28 characterizes documents prepared by the BLM and the Forest Service which speak for themselves and require no further response, and therefore, Intervenors deny the same.

29.     Paragraph 29 characterizes documents prepared by the BLM and the Forest Service which speak for themselves and require no further response, and therefore, Intervenors deny the same.

30.     Paragraph 30 purports to characterize documents prepared by the BLM and the Forest Service which speak for themselves and require no further response.  To the extent a response is required, Intervenors deny the allegations set forth in this paragraph.

Page - 5 – ANSWER TO COMPLAINT

31.    Paragraph 31 characterizes the Forest Service's ROD which speaks for itself and requires no further response, and therefore, Intervenors deny the same.

32.    Paragraph 32 sets forth legal conclusions to which no response is required and which are therefore denied.  Intervenors deny the last sentence of this paragraph.

33.    Paragraph 33 sets forth legal conclusions which require no response and/or characterizations of various plans and strategies which speak for themselves and require no further response, and therefore, Intervenors deny the same.  Intervenors deny the last sentence of this paragraph.

34.    The first two sentences in paragraph 34 characterize the FEIS which speaks for itself and requires no further response, and therefore, Intervenors deny the same.  The third sentence of this paragraph sets forth a legal conclusion to which no response is required and which is therefore denied.

35.    Intervenors deny the first sentence of paragraph 35.  Intervenors admit that Idaho Power submitted a complete application for a state site certificate for the B2H Project to EFSC in September 2018 but otherwise deny the remainder of the allegations set forth in the second sentence of this paragraph.  Intervenors are without sufficient knowledge or information to form a belief as to the truth of the allegations in the sixth sentence regarding EFSC's timeline for issuing the site certificate, and therefore, Intervenors deny the same. Intervenors admit that Idaho Power plans to begin construction in 2023 and place the transmission line into service in 2026. Intervenors deny the remainder of the allegations set forth in this paragraph.

36.    Intervenors admit that Idaho Power's EFSC application includes two proposed routes on private land in Union County that differ from, and that would be closer to the City of La Grande than, the Glass Hill route discussed in BLM's ROD. The last sentence of

Paragraph 36 characterizes a graphic illustration which speaks for itself and requires no further response, and therefore, Intervenors deny the same. Intervenors deny the remaining allegations set forth in paragraph 36.

37.    The last sentence of paragraph 37 characterizes a graphic illustration which speaks for itself and requires no response, and therefore, Intervenors deny the same. Intervenors deny the remaining allegations set forth in paragraph 37.

**Greater Sage Grouse and Impacts From the B2H Project**

38.    Intervenors lack sufficient information to form a belief as to the truth of the allegations set forth in paragraph 38 and therefore deny the same.

39.    Intervenors lack sufficient information to form a belief as to the truth of the allegations set forth in paragraph 39 and therefore deny the same.

40    Intervenors lack sufficient information to form a belief as to the truth of the allegations set forth in paragraph 40 and therefore deny the same.

41.    Intervenors deny the first sentence of paragraph 41 and lack sufficient information to form a belief as to the truth of the allegations contained in the second through sixth sentences of this paragraph and therefore deny the same. Intervenors deny the remainder of the allegations set forth in this paragraph.

42.    Paragraph 42 characterizes BLM actions which speak for themselves and require no further response. The paragraph also sets forth legal conclusions to which no response is required and which are therefore denied.

43.    Paragraph 43 characterizes the 2015 ARMPA which speaks for itself and requires no further response and which is therefore denied.

Page - 7 – ANSWER TO COMPLAINT

44.     Paragraph 44 both characterizes the 2015 ARMPAs which require no further response, and sets forth legal conclusions about the same, which, again, require no further response and which are therefore denied.

45.     Paragraph 45 characterizes the FEIS and BLM ROD which speak for themselves and require no further response and which are therefore denied.

46.     Intervenors lack sufficient information to form a belief as to the truth of the first and second sentences of paragraph 46 and therefore deny the same.  The remainder of the paragraph characterizes the FEIS which speaks for itself, requires no further response and is therefore denied.

47.     The first two sentences of paragraph 47 characterize the FEIS which speaks for itself and requires no further response and which is therefore denied.  Intervenors deny the remainder of the allegations set forth in the third and fourth sentences of this paragraph.

48.     Intervenors lack sufficient information as to the truth of the allegations set forth in the first eight sentences and the last sentence of paragraph 48 and therefore deny the same. Intervenors deny the allegations set forth in the ninth sentence of this paragraph.

49.     Intervenors lack sufficient information as to the truth of the allegations set forth in paragraph 49 and therefore deny the same, and further deny that a supplemental EIS is needed.

**The National Historic Oregon Trail and Impacts From the B2H Project**

50.     Paragraph 50 appears to characterize information contained in the FEIS regarding the National Historic Oregon Trail which speaks for itself, requires no further response, and is therefore denied.

51.     Paragraph 51 characterizes information provided through the website for the Oregon Trail Interpretive Center which speaks for itself, requires no further response, and is

therefore denied.  Intervenors deny that the B2H transmission line would devastate the viewshed from BLM's Interpretive Center and the remainder of that sentence describing the transmission line's effects.

52.    Intervenors lack sufficient information as to the allegations set forth in paragraph 52 and therefore deny the same.

53.    Intervenors deny the first sentence of paragraph 53.  The second sentence of paragraph 53 characterizes a graphic illustration which requires no response and which is therefore denied.

54.    The first sentence of paragraph 54 characterizes comments received by BLM on the proposed transmission line which speak for themselves, require no further response and is therefore denied.  Intervenors deny the second sentence of this paragraph. Intervenors lack sufficient information as to the truth of the allegations set forth in the last sentence of this paragraph, which is therefore denied.

55.    Intervenors deny the allegations set forth in paragraph 55.

56.    Intervenors lack sufficient information as to the truth of the allegations set forth in the first, third, and fourth sentences of paragraph 56 and therefore deny the same.  Intervenors admit that the Mill Creek alternative is one of two routes in Union County proposed in the EFSC application, and deny the remaining allegations in the second sentence of paragraph 56. Intervenors deny the last sentence of this paragraph.

## Other Impacts From the B2H Project and Significant New Information

57.    Intervenors admit that Idaho Power's EFSC application includes two proposed routes on private land in Union County that differ from the Glass Hill route discussed in BLM's ROD, and deny the remaining allegations in the first and second sentences of paragraph 57.

Page - 9 – ANSWER TO COMPLAINT

Intervenors deny the allegations set forth in the third, fourth, and fifth sentences of this paragraph.

58.     Intervenors lack sufficient information to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 58 and therefore deny the same. Intervenors deny the remainder of the allegations set forth in this paragraph.

59.     Intervenors deny the allegations set forth in paragraph 59.

60.     Intervenors deny the allegations set forth in the first sentence of paragraph 60. Intervenors lack sufficient information as to the truth of the remainder of the allegations set forth in this paragraph and therefore denies the same.

61.     Intervenors deny the first sentence of paragraph 61.  Intervenors lack sufficient information as to the truth of the allegations set forth in the remainder of this paragraph and therefore denies the same.

### FIRST CLAIM FOR RELIEF NATIONAL ENVIRONMENTAL POLICY ACT

62.     Intervenors incorporate by reference their responses to all preceding paragraphs and admit and deny the allegations of paragraph 62 as stated above.

63.     Paragraph 63 sets forth legal conclusions to which no response is required and which are therefore denied.

64.     Paragraph 64 sets forth legal conclusions to which no response is required and which are therefore denied.

65.     Paragraph 65 sets forth legal conclusions to which no response is required and which are therefore denied.

66.     Intervenors deny each of the allegations set forth in paragraph 66.

67.     Intervenors deny the allegations set forth in paragraph 67.

106059774.1 0045301-00045

68.    Intervenors deny the allegations set forth in paragraph 68.

## SECOND CLAIM FOR RELIEF
## FEDERAL LAND POLICY AND MANAGEMENT ACT

69.    Intervenors incorporate by reference their responses to all preceding paragraphs and admit and deny the allegations of paragraph 69 as stated above.

70.    Paragraph 70 sets forth legal conclusions to which no response is required and which are therefore denied.

71.    Intervenors deny each of the allegations set forth in paragraph 71.

72.    Intervenors deny each of the allegations set forth in paragraph 72.

73.    Intervenors deny each of the allegations set forth in paragraph 73.

74.    Intervenors deny each of the allegations set forth in paragraph 74.

## THIRD CLAIM FOR RELIEF
## NATIONAL FOREST MANAGEMENT ACT

75.    Intervenors incorporate by reference their responses to all preceding paragraphs and admit and deny the allegations of paragraph 75 as stated above.

76.    Paragraph 76 sets forth legal conclusions to which no response is required and which are therefore denied.

77.    The first two sentence of paragraph 77 set forth legal conclusions to which no response is required and which are therefore denied.  Intervenors deny the remainder of the allegations set forth in paragraph 77.

78.    Intervenors deny the allegations set forth in paragraph 78

79.    Intervenors deny the allegations set forth in paragraph 79.

## AFFIRMATIVE DEFENSES

Idaho Power Company and PacifiCorp assert the following affirmative defenses:

Page - 11 – ANSWER TO COMPLAINT

1.    This case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because

Plaintiffs lack standing.

2.    This case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to

state a claim upon which relief can be granted.

3.    This case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for failure to

exhaust administrative remedies.

4.    This case should be dismissed pursuant to Fed. R. Civ. P. 12(b) on ripeness

grounds.

5.    Intervenors reserve the right to assert any and all additional affirmative defenses,

including but not limited to those asserted by the federal defendants, as the case

progresses.

WHEREFORE, Intervenors respectfully request that the Court deny Plaintiffs the relief

requested in the Prayer For Relief, enter judgment dismissing the Complaint with prejudice, and

award Intervenors such other relief as this Court deems appropriate.

DATED:  April 10, 2020

STOEL RIVES LLP

*s/ Beth S. Ginsberg*
BETH S. GINSBERG (OSB No. 070890)
beth.ginsberg@stoel.com
JAMES C. FELDMAN (*pro hac vice*)
james.feldman@stoel.com

*Attorneys for Intervenor-Defendants Idaho
Power Company and PacifiCorp*

Page - 12 – ANSWER TO COMPLAINT